UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRISTOPHER MOORE,

    Plaintiff,

v.

MICHAEL PEITZMEIER,
JOSEPH ALVAREZ,
DOUGLAS MILLER,
YVESDIDER NKODIA,
NATHAN LENHART and
MONTGOMERY COUNTY, MARYLAND,

    Defendants.

Civil Action No. TDC-18-2151

## MEMORANDUM OPINION

Plaintiff Christopher Moore has filed a civil action against Montgomery County, Maryland (the "County") and Montgomery County Police Officers Michael Peitzmeier, Joseph Alvarez, Douglas Miller, Yvesdider Nkodia, and Nathan Lenhart (the "Officer Defendants") alleging that the Officer Defendants used excessive force against him, unlawfully searched and arrested him, and charged him with crimes without probable cause. Moore asserts claims for violations of his rights under the Fourth Amendment to the United States Constitution, as well as state common law tort claims. Presently pending before the Court is the County's Partial Motion to Dismiss. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

On August 21, 2016, Moore, a 41-year-old African-American veteran of the Maryland National Guard, was sitting on the steps outside his home in Montgomery County, Maryland.

Moore had been discharged from the Maryland National Guard after his neck and spine were injured during his service, and he had previously undergone spinal fusion surgery to address this injury. That night, the Officer Defendants responded to a report of an apparent disturbance at Moore's home. Moore, who was not wearing a shirt or shoes and was not armed, was alarmed when Alvarez approached him as he sat on his steps. According to Moore, Alvarez began to punch Moore in the face again and again, while the other Officer Defendants both encouraged Alvarez and joined in the assault. The other Officer Defendants pushed Moore off the steps, shoved his face into the steps, restrained him, and put pressure on his injured neck. Moore cried out in pain, drawing attention to his neck. The Officer Defendants then searched Moore, arrested him, and charged him with crimes.

Moore alleges that the Officer Defendants had neither probable cause to believe he had committed a crime, nor reasonable suspicion that he was armed. In the criminal case against him in the District Court of Maryland for Montgomery County, the prosecutor abandoned the charges through a *nolle prosequi*. The beating reinjured Moore's spine and left him bloodied with cuts and bruises on his face, and he required stitches to his forehead and further treatment for his spinal injury.

On July 16, 2018, Moore filed his Complaint in this Court, in which he alleges that the Officer Defendants violated his rights under the Fourth Amendment to be free from an unreasonable stops, frisks, seizures, and searches (Count I) and from excessive force (Count II). Also remaining in the Complaint are state common law tort claims of negligence (Count IV), gross negligence (Count V), malicious prosecution (Count VI), and battery (Count VII) against all Defendants. Moore seeks compensatory and punitive damages, injunctive relief, and an order that

the Court will retain jurisdiction to assure compliance with any court orders. Moore does not seek punitive damages against the County.

## DISCUSSION

In its Motion, the County seeks dismissal of all remaining counts of the Complaint brought against it, Counts IV–VII, pursuant to Federal Rule of Civil Procedure 12(b)(6). The County argues that under Maryland law it is immune from common law tort liability.

### I. Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

### II. Governmental Immunity

In Counts IV through VII, Moore brings Maryland common law tort claims of negligence, gross negligence, malicious prosecution, and battery against the County based on the conduct of the Officer Defendants on the night of August 16, 2016. The County argues that it cannot be held liable in tort, whether on a direct or indirect theory of liability.

In Maryland, a local government enjoys governmental immunity if the Maryland General Assembly has not specifically waived that immunity. *Md.-Nat'l Capital Park & Planning Comm'n v. Kranz*, 521 A.2d 729, 731 (Md. 1996); *Williams v. Prince George's Cty.*, 685 A.2d 884, 898

3

(Md. Ct. Spec. App. 1996). Pursuant to this immunity, a local government is "immune from liability" for common law torts when the conduct was committed in a "governmental capacity," but can be liable for common law torts arising from conduct in its "private or proprietary capacity." *DiPino v. Davis*, 729 A.2d 354, 369–70 (Md. 1999); *Kranz*, 521 A.2d at 731; *Fowler v. Bd. of Cty. Comm'rs*, 187 A.2d 856, 858 (Md. 1963). A law enforcement officer "purporting to enforce the State criminal law" acts in a "quintessentially governmental" capacity. *DiPino*, 729 A.2d at 370; *see Gray-Hopkins v. Prince George's Cty.*, 309 F.3d 224, 234 (4th Cir. 2002); *see also Tadjer v. Montgomery Cty.*, 479 A.2d 1321, 1325–26 (Md. 1984) (describing the distinction between governmental and proprietary functions). The immunity applies when the theory of the local government's liability is based on direct acts by the government. *See, e.g., Clark v. Prince George's Cty.*, 65 A.3d 785, 790 (Md. Ct. Spec. App. 2013) (finding that a county had immunity from a claim of negligent hiring). It also applies when the claim is that the local government was vicariously liable for actions by its employees engaged in a governmental function. *See, e.g., DiPino*, 729 A.2d at 370 (finding immunity from a claim of malicious prosecution against a county based on the conduct of its police officer); *Williams*, 685 A.2d at 897–98 (finding immunity from a claim of negligence against a county based on the conduct of its police officers); *see also Gray-Hopkins*, 309 F.3d at 231, 234 (holding that Maryland local government immunity applies to claims seeking "to impose *respondeat superior* liability" on a county for intentional torts committed by a police officer).

Under the Local Government Tort Claims Act ("LGTCA"), Md. Code Ann. Cts. & Jud. Proc. §§ 5–301 to 5–304 (West 2011), a local government is liable "for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." *Id.* § 5–303(b)(1). However, in creating

this "duty to defend or indemnify" an employee against tort claims, the LGTCA does not operate as a waiver of governmental immunity and does not create a cause of action against a local government. *Rounds v. Md.-Nat'l Capital Park & Planning Comm'n*, 109 A.3d 639, 649, 650 (Md. 2015); *Williams*, 685 A.2d at 897, 898.

Moore has sued the County for negligence, gross negligence, malicious prosecution, and battery based on the conduct of the Officer Defendants. As in *DiPino*, the County's alleged liability for these torts is "entirely vicarious." *DiPino*, 729 A.2d at 368. Based on the allegations in the Complaint, at the time of the encounter with Moore, the Officer Defendants were responding to and investigating a disturbance at Moore's address and were thus engaged in the enforcement of criminal laws, a governmental, rather than proprietary, function. *See id.* at 370. Therefore, where the common law tort claims assert that the County is vicariously liable for acts taken by County employees engaged in a governmental function, the County has governmental immunity from those claims. *See id.*; *see also Gray-Hopkins*, 309 F.3d at 234. Even though the County may ultimately be responsible for paying the amount of any monetary judgment Moore may secure against the Officer Defendants, *see* Md. Code Ann. Cts. & Jud. Proc. § 5–303, Moore may not maintain a suit directly against the County. *See Williams*, 685 A.2d at 898.

Moore's reliance on *Clark v. Prince George's County*, 65 A.3d 785 (Md. Ct. Spec. App. 2013), an opinion of the Court of Special Appeals of Maryland, is misplaced. Although Moore asserts that *Clark* provides that a local government may be held vicariously liable for the common law torts of its employees committed within the scope of their employment, the court did not state such a holding. Clark's view appears to derive from the court's reference to a trial against a county defendant "on the vicarious liability claim" based on common law torts by an officer and its statement that "[t]he parties acknowledge that the County only could be found vicariously liable

for the common law torts of Washington if his actions were taken within the scope of his employment." *Clark*, 65 A.3d at 793. Whether the reference to vicarious liability was shorthand for the county's liability under the LGTCA to pay any judgment arising from a common law tort committed by its employee, or a reference to an agreement between the parties that the county would be treated as subject to liability for purposes of the trial because of that provision, the Court of Special Appeals did not rule on the legal question of whether a local government is immune from vicarious liability common law torts committed by its employees. *Id.* at 792–93. Regardless, where the Court of Appeals of Maryland is the "final arbiter of Maryland law," *Proctor v. Wash. Metro. Area Transit Auth.*, 990 A.2d 1048, 1055 (Md. 2010), and it spoke clearly on this issue in *DiPino* in finding governmental immunity from a vicarious liability claim against a county, *DiPino*, 729 A.2d at 370, *Clark* does not provide a basis to alter this Court's conclusion that local governments are immune from such claims. *See Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967) (stating that the decisions of intermediate state appellate courts are "not controlling" where a federal court "is convinced by other persuasive data that the highest court of the state would decide otherwise"). Particularly where the Fourth Circuit has applied *DiPino* in concluding that a county was immune under Maryland law from vicarious liability for common law torts, this Court similarly adopts that holding. *Gray-Hopkins*, 309 F.3d at 234.

The Court is further unpersuaded by Moore's assertion that this Court relied on *Clark* in *Anderson v. Prince George's County*, No. TDC-13-1509, 2015 WL 5200891 (D. Md. Sept. 4, 2015). In that case, the plaintiff had asserted claims against a county for state constitutional torts committed by its employee, not for common law torts. On that separate question, the Maryland Court of Appeals held in *DiPino* that a local government may be held vicariously liable for a state constitutional tort if the employee acted in the scope of employment. *See DiPino*, 729 A.2d at

6

371. *Anderson* is inapplicable here, where Moore has alleged only common law torts against the County.

Because governmental immunity bars Moore's claims against the County for common law torts, whether based on direct acts or omissions by the County or based on a theory of vicarious liability for the torts of the Officer Defendants, the Court will grant the Motion as to those claims.

## CONCLUSION

For the foregoing reasons, the County's Motion to Dismiss will be GRANTED. A separate Order shall issue.

Date: March 26, 2019

　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　United States District Judge